IN THE UNITED STATES DISTRICT COURT,
MIDDLE DISTRICT OF TENNESSEE.
AT NASHVILLE

ANDRA LYNN GRIFFIN )
)
     Plaintiff, )
)
v. )     Docket No.
)     **JURY DEMANDED**
SHERIFF ERIC CRADDOCK, )
LISA BYINGTON, )
KATIE LYNN PROUDFOOT )
CHRISTOPHER ANDREW PROUDFOOT )
TERRY BOWERSOX )
MATTIE BOWERSOX )
)
     Defendants. )

## COMPLAINT

COMES the Plaintiff, ANDRA LYNN GRIFFIN, and files this Complaint against the

Defendants, SHERIFF ERIC CRADDOCK, LISA BYINGTON, KATIE LYNN PROUDFOOT,

CHRISTOPHER ANDREW PROUDFOOT, TERRY BOWERSOX and MATTIE BOWERSOX,

and would show the Court as follows:

## I.    INTRODUCTION

1.    This is a civil rights action brought pursuant to 42 U.S.C. § 1983 seeking

declaratory and equitable relief, compensatory and punitive damages as well as other relief against

Defendants for violation of Plaintiff's Fourth Amendment rights to be free of unreasonable seizures

and prosecutions except upon probable cause.

## II.    PARTIES

2.    Plaintiff, ANDRA LYNN GRIFFIN, at all times relevant was a citizen and resident

of the State of Florida.

3. Defendant, ERIC CRADDOCK, is and was at all times relevant the duly elected Sheriff of Sumner County, Tennessee. In his capacity as Sheriff, CRADDOCK was the sole and final decision maker for Sumner County related to the establishment of policies, customs and procedures including the hiring, supervision and training of employees such as Defendant BYINGTON for the Sumner County Sheriff's Office ("SCSO"). Defendant Craddock is sued in his official capacity only.

4. Defendant, LISA BYINGTON, at all times relevant and upon information and belief, was a citizen and resident of Sumner County, Tennessee and was a Detective for the Sumner County Sheriff's Office. This Defendant is sued in her individual capacity only.

5. Defendants KATIE LYNN PROUDFOOT and CHRISTOPHER ANDREW PROUDFOOT are the Mother and Stepfather of the missing youth Sebastian Rogers, and Defendants TERRY BOWERSOX and MATTIE BOWERSOX are the stepfather and mother of Defendant CHRISTOPHER PROUDFOOT; and all these Defendants are and were, at all times relevant, citizens and residents of Sumner County, Tennessee (hereinafter "FAMILY Defendants").

6. At all times relevant, the individual Defendants were acting under color of law and the customs and usages of the State of Tennessee.

### III. JURISDICTION

7. This Court has jurisdiction pursuant 28 U.S.C. §§ 1331 & 1343 and 42 U.S.C. § 1983.

### IV. FACTS
#### A. *Plaintiff – Reporter and Commentator*

8. At all times relevant, Plaintiff was and continues to be an online journalist and commentator concerning crime victims and their rights. At all times relevant, Plaintiff published through her YouTube channel known as "Bullhorn Betty" which currently has over 40,000

2

followers and subscribers and over 11.7 million views. Plaintiff also publishes on various social media platforms including Face Book, X and TikTok, which together has approximately 190,000 followers and receives between 500,000 to 2,000,000 views per month.

9. Throughout her career as a journalist, Plaintiff has extensively covered many high-profile missing children and other cases nationally, including the cases of Gabby Petito/Brian Laundrie, Kylen Schulte/Crystal Turner, Kathleen Moore/Colin Knapp, Ruth Cecala, Summer Wells, Paola Miranda-Rosa, Anthony Todt, Trayvon Martin/George Zimmerman, and Pulse Night Club shootings.

10. Plaintiff's reporting work has taken her to many parts of the Country where she has helped investigate, assisted in search and rescue efforts, and sought answers for families and her audience. While on her investigative trips, Plaintiff reports her activities, findings, and opinions, sometimes reporting live from various locations.

11. On February 26, 2024, Sebastian Rogers, who was at the time a 15-year-old autistic boy, was reported missing from his home by his mother Defendant KATIE PROUDFOOT and his stepfather Defendant CHRISTOPHER PROUDFOOT. Soon thereafter, a community-wide search effort began that was initially reported by a local news station that same day.

12. Because Sebastian was not located, an Amber Alert was issued and the community search continued. Since reporting Sebastian missing, Defendants CHRISTOPHER PROUDFOOT and KATIE PROUDFOOT have given multiple interviews with both traditional news and online media outlets, including WSMV 4 Nashville, Nancy Grace, and several others.

### B. Plaintiff's Coverage of Sebastian's Disappearance

13. Sebastian's disappearance attracted the attention of media outlets nationwide, including numerous online media reporters and content creators, such as Plaintiff.

3

14.     Plaintiff's reporting and commentary regarding Sebastian ultimately became critical of the Sumner County Sheriff's Department's handling of the investigation of Sebastian's disappearance and began raising questions about whether any family members were involved.

15.     Apparently upset by Plaintiff's reporting, Defendant KATIE PROUDFOOT made an "Incident Report" to Defendant BYINGTON on June 20, 2024, complaining she "and her family members [were] being harassed by a person on YouTube . . ."; that Plaintiff had "made several YouTube videos/chats regarding her theories and opinions as to the investigation and the juvenile's disappearance." The Incident Report also states:

> On or around June 22, 2024, [Defendant Byington] received information that 'Bullhorn Betty' was in Sumner County and posting videos and going live while driving around the area to include [Defendant KATIE PROUDFOOT's] home and [Defendant CHRISTOPHER PROUDFOOT'S] work place in Memphis, Shelby County, Tennessee. [Defendant KATIE PROUDFOOT] and some of her family members believe 'Bullhorn Betty' is harassing and stalking them while also encouraging the public to photograph and/or video them while out in public and to send that data to her."

16.     On June 22, 2024, Plaintiff traveled from her home in Florida to Sumner County, Tennessee, where she spent three (3) days reporting on Sebastian's disappearance. During her time in Sumner County, Plaintiff broke no laws, did nothing illegal and simply engaged in her general reporting endeavors. Afterward she returned to her Florida home.

17.     Unbeknownst to Plaintiff, on July 25, 2024 and August 1, 2024, Defendants KATIE PROUDFOOT, TERRY BOWERSOX and MATTIE BOWERSOX, based upon false and/or misleading affidavits, sought and obtained *Ex Parte* Temporary Orders of Protection from the General sessions Court of Sumner County, Tennessee. [1] Defendant CHRISTOPHER

---

[1] *Katie Lynn Proudfoot v. Andra Griffin*, Petition for Order of Protection, Sumner County General Sessions Court, Docket No. 2024-cv-3542, filed July 26, 2024.

PROUDFOOT similarly obtained an *Ex Parte* Temporary Order of Protection on the same false and/or misleading bases on August 17, 2024.[2]

18. The Petitions on which the Defendants KATIE PROUDFOOT, TERRY BOWERSOX and MATTIE BOWERSOX obtained their *Ex Parte* Order of Protection falsely accused Plaintiff of "stalk[ing]" Defendants. The Petition of Defendant CHRISTOPHER PROUDFOOT falsely accused Plaintiff of "stalk[ing]" and also falsely accused Plaintiff of "threaten[ing] to do harm and harassment." Defendant CHRISTOPHER PROUDFOOT also requested "to gag order [Plaintiff] from talking, suggesting, or any other ways about son's missing case, be ordered not to have any form of 3rd parties contact me or my daughter."

19. The Three *Ex Parte* Orders of Protection taken out by Defendants KATIE PROUDFOOT, TERRY BOWERSOX and MATTIE BOWERSOX were set to be heard on August 22, 2024. The Petition of Defendant CHRISTOPHER PROUDFOOT was set to be heard August 29, 2024.

20. Significantly, the Petitions and *Ex Parte* Orders of Protection were served on Plaintiff at her Florida home on August 19, 2024, only three (3) days before the Tennessee hearing date. The reason for this delay in service is unexplained at this point.

---

*Terry Alan Bowersox, Sr. v. Andra Griffin*, Petition for Order of Protection, Sumner County General Sessions Court, Docket No. 2024-cv-3632. Although there is a "Received" stamp dated August 2, 2024, the only file stamp by the Sumner County Clerk is dated August 20, 2024.

*Mattie Catherine Bowersox v. Andra Griffin*, Petition for Order of Protection, Sumner County General Sessions Court, Docket No. 2024-3633, filed Aug. 2, 2024.

[2] *Christopher Andrew Proudfoot v. Andra Griffin*, Petition for Order of Protection, Sumner County General Sessions Court, Docket No. 2024-cv-3894. Although there is a "Received" stamp dated August 19, 2024, the only file stamp by the Sumner County Clerk is dated August 20, 2024.

5

21. T.C.A. § 36-3-605(c) required that the "court shall cause a copy of the petition and notice of the date set for the hearing on such petition, as well as a copy of any ex parte order of protection, to be served upon the respondent *at least five (5) days prior to such hearing*." T.C.A. § 36-3-605(c) (emphasis added).

22. However, on August 22, 2024, and in direct violation of T.C.A. § 36-3-605(c), the local General Sessions Court Judge C. Ronald Blanton, held a hearing with the Defendants being present and entered Orders of Protection against Plaintiff, all contrary to explicit statutory mandates.

23. The *Ex Parte* Temporary Orders of Protection ordered the following:

- "Do not abuse, threaten to abuse, hurt or try to hurt, or frighten Petitioner and/or Petitioner's minor children under 18"

- Do not put Petitioner and/or Petitioner's minor children under 18 in fear of being hurt or in fear of not being able to leave or get away.

- Do not stalk or threaten to stalk Petitioner and/or Petitioner's minor children under 18.

- Do not come about the Petitioner and/or Petitioner's minor children protected by this order (including coming by or to a shared residence) for any purpose.

- Do not contact the Petitioner and/or Petitioner's minor children protected by this order either directly or indirectly, by phone, email, messages, mail or any other type of communication or contact.

- You must not hurt or threaten to hurt any animals owned or kept by the Petitioner/Petitioner's children.

- "**Other orders**: Do not interfere with property owned or kept by petitioner, or with utilities of the home.

24. After the August 22, 2024 hearing the Court ordered the following:

- "Obey all orders on this form."

- "Not abuse or threaten to abuse Petitioner or Petitioner's minor children."

6

- "Not stalk or threaten to stalk Petitioner or Petitioner's minor children"

- "**No Contact**. You must not come about the Petitioner (including coming by or to a shared residence) for any purpose and must not contact Petitioner AND Petitioner's children, either directly or indirectly, by phone, email, messages, text messages, mail or any other type of communication or contact."

- "**Stay Away**. You must stay away from the Petitioner's home, Petitioner's workplace, Children's home and workplace."

- "**Personal Conduct**" –

  o "You must not cause intentional damage to the Petitioner's (or Petitioner's children's) property or interfere with the utilities at their home(s).

  o "You must not hurt or threaten to hurt any animals owned or kept by the Petitioner/Petitioner's children"

- "**Orders to the Respondent about Firearms**: You must not have, or attempt to have, receive or attempt to receive or in any other way get any firearm while this or any later protective order is in effect."

25.     When Plaintiff, who was still in Florida, learned that the local General Sessions Court Judge had held an essentially *ex parte* hearing on the Petitions in violation of Tennessee law, she published live reports and commentary about the events soon after they took place.

26.     In none of these reports or commentary did Plaintiff in any way violate any of the orders contained in Temporary Orders of Protection or the orders coming out of the August 22, 2024 hearing.

27.     In response to Plaintiff's publication of her reporting and commentary, Defendants FAMILY and BYINGTON acting jointly, in concert and combination and without probable cause to believe a crime had been committed obtained a total of six (6) arrest warrants charging Plaintiff with violation of an Order of Protection, T.C.A. § 39-13-113.

28.     Two (2) days later on August 24, 2024, Plaintiff was arrested in Montgomery County, Tennessee when she appeared at a vigil organized on behalf of the missing child Sebastian.

7

29.     Pursuant to the local General Sessions Court Judge's explicit orders, Plaintiff was held in the Montgomery County Jail and the Sumner County Jail for over twelve (12) hours before being released and was forced to post a $ 20,000 bond.

30.     The charges against Plaintiff were ultimately dismissed when the Sumner County Grand Jury returned a NO TRUE BILL on May 9, 2025.

31.     At all relevant times, Defendants lacked probable cause to cause the arrest, charge, or continue the prosecution of Plaintiff. The charges against Plaintiff were initiated and pursued based on false statements, material omissions, and/or coordinated misconduct by the individual Defendants.

32.     Plaintiff's reporting and commentary constituted protected expression under the First Amendment and were the motive for the Defendants to cause the improper arrest and prosecution of Plaintiff.

33.     At no point did the individual Defendants possess reasonably trustworthy information sufficient to warrant a prudent person in believing that Plaintiff had committed an offense. Any finding of probable cause was the product of Defendants' own misconduct and in violation of the Fourth Amendment.

34.     At all relevant times, Defendant CRADDOCK, established and/or maintained policies, customs, and/or practices that were a proximate cause of the improper prosecution of Plaintiff, which included a failure to train, supervise, monitor and/or discipline his deputies regarding the constitutional limits of initiating and continuing the prosecution of criminal charges. Defendant BYINGTON relied on biased complaining witnesses without adequate corroboration, ignored exculpatory information, presented false and/or misleading statements and/or made material omissions to secure criminal process even though probable cause was lacking. Defendant

8

CRADDOCK knew, or should have known, that Defendant BYINGTON engaged in this improper conduct—particularly in a high profile case that involved a reporter who was openly critical of the Sheriff's Department—all of which was the driving force and proximately caused the constitutional violations set out above. Defendant CRADDOCK's improper actions, combined with a retaliatory motive to silence protected criticism, was a moving force behind Plaintiff's prosecution without probable cause and the resulting deprivation of liberty and other damages.

35.     As a proximate result of the unlawful, wrongful actions of Defendants and each of them acting jointly, severally, in combination and concert, Plaintiff has suffered loss of liberty, physical, mental, emotional, pain, suffering and financial injury as well as reputational harm.

36.     The actions of the individual Defendants acting solely and/or in concert and in combination was reckless, malicious, willful, intentional, oppressive and taken with a motive to intentionally harm Plaintiff and/or violate her clearly established constitutional rights and/or with such reckless disregard of those clearly established rights so as to render the individual Defendants liable to Plaintiff for punitive damages.

## V.     CAUSES OF ACTION

37.     The actions of Defendants solely and/or in combination violated Plaintiff's Fourth Amendment rights.

## VI.     REQUEST FOR RELIEF

38.     Enter a Declaratory Judgment pursuant to 28 U.S.C. § 2201 declaring that the prosecution of Plaintiff violated her rights as secured by the Fourth Amendment to the U.S. Constitution.

39.     Issue a prohibitory injunction restraining, prohibiting and enjoining Defendants from taking retaliatory action against Plaintiff.

9

40.    Award Plaintiff a judgment of compensatory damages in an amount sufficient to compensate her for her injuries and damages.

41.    Award Plaintiff an appropriate amount of punitive damages.

42.    Award Plaintiff her reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988.

43.    **EMPANEL A JURY TO TRY THIS MATTER**.

44.    Grant Plaintiff such other and further general relief as she may be entitled upon a hearing of this cause.

Respectfully submitted,

WORTHINGTON & WEISS, P.C.

s/W. Tyler Weiss
W. TYLER WEISS [BPR No. 028801]
409 N. College Street, Suite 1
Madisonville, Tennessee 37354
Office: (423) 442-5353
Fax:    (423) 442-3866
Email: tweiss@worthingtonweiss.com
*Attorney for Plaintiff Andra Lynn Griffin*

10